[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12368

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YAQUELIN DIAZ DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20460-JLK-1

_____

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Yaquelin Diaz Delgado appeals her 12-month imprisonment sentence imposed by the district court upon revocation of her supervised release. Delgado argues that her sentence is substantively unreasonable because the district court unjustifiably relied on the repeated nature of her violations and failed to address her arguments in mitigation. Having reviewed the record and read the parties' briefs, we affirm Delgado's sentence.

## I.

We generally review a sentence imposed on revocation of supervised release for reasonableness, applying an abuse-of-discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The party challenging a sentence's reasonableness bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

## II.

In reviewing for substantive reasonableness, we do not "substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (internal quotation marks omitted). "A district court abuses its discretion when it (1) fails to afford

consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*)). We have also concluded that a district court's imposition of a sentence "well below the statutory maximum" can be an "indicator of reasonableness." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

Before imposing a sentence after revoking a term of supervised release, a district court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(a)(7)." 18 U.S.C. § 3583(e)(3). Under the relevant portions of § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to, among other things, afford adequate deterrence and protect the public from further crimes of the defendant. *Id.* § 3553(a)(2)(B)-(D). The court also must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1).

Sentencing courts are required to consider all of the applicable sentencing factors. *Butler*, 39 F.4th at 1355. "[T]he weight given to each factor is committed to the sound discretion of the district court, [and] [w]e will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *Id.* "In fact, a district court may attach great weight to one § 3553(a) factor over others." *Id.* However, "[a] district

court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

A district court is not required to explicitly discuss, or state, that it has considered each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). And a district court's failure to discuss mitigating evidence does not mean that the court "erroneously 'ignored' or failed to consider th[e] evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Instead, an acknowledgment by the district court that it considered the § 3553(a) factors is typically sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

## III.

As an initial matter, we decline to address the government's arguments that Delgado invited any error in the length of her sentence and failed to preserve a challenge to the substantive reasonableness of her sentence because we conclude, based on the record, that her sentence is reasonable even under an abuse-of-discretion standard of review. The record demonstrates that the district court gave weight to several relevant 18 U.S.C. § 3553(a) factors. The district court emphasized the repeated nature of Delgado's shoplifting violations, and it found that the crimes she committed were serious and financially harmed the community. The district court referenced the need for general and specific deterrence and implied the need to protect the public from her crimes. The district court further noted that during one of her crimes, Delgado engaged in a

scuffle with a store security guard, and it found that to be an aggravating circumstance. Thus, the record shows that the district court did not unreasonably rely on a single factor in sentencing Delgado.

Delgado contends that the district court erred because it failed to consider mitigating factors before announcing her sentence. We note that a district court does not need to explicitly discuss or state that it considered mitigating factors. *See Kuhlman*, 711 F.3d at 1326. Moreover, even though the district court did not explicitly mention the mitigating factors that Delgado raised, it did reject the government's argument for an upward variance and sentenced Delgado within the guideline range, as her counsel requested, intimating that it agreed with Delgado's mitigating assertions. *Amedeo*, 487 F.3d at 833. Thus, Delgado has not shown that the district court abused its discretion in imposing her 12-month sentence such that the sentence falls outside the "ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355.

Accordingly, based on the aforementioned reasons, we affirm Delgado's sentence.

**AFFIRMED.**